## Meske v. Albertson

*Robert E. Bull*, for plaintiff.
*Thomas Arthur James, Jr.*, for defendant.

MYERS, *P.J.*, March 20, 1979—In her complaint, plaintiff alleges that defendant failed to repair her vehicle in a proper and workmanlike manner. Defendant filed a motion for production and inspection of tangible things under Pa.R.C.P. 4009. In the motion, defendant requests plaintiff to drive the vehicle in question to an auto body shop, where defendant's expert will be able to inspect it.

Automobiles, normally, are movable property. In the instant case, however, the automobile in question has not been driven for about a year. Furthermore, according to plaintiff, the vehicle is not inspected, licensed, or insured.

Under these circumstances, the vehicle should be treated as non-movable tangible property. Rule 4009 provides that such property may be inspected at its location. Accordingly, we will permit defendant to examine the vehicle in plaintiff's garage, but we will not compel plaintiff to move or drive the vehicle to defendant's expert's place of business.

Defendant suggests that the lighting conditions in plaintiff's garage are not suitable for an inspection. Also, defendant claims that it is having difficulty locating an expert willing to make an inspection on plaintiff's premises. We believe, however,

that these problems can be overcome with less difficulty and expense than would be involved in driving or towing the vehicle to a body shop.

ORDER

And now, March 20, 1979, defendant's motion for production and inspection of tangible things is hereby denied, with leave to defendant to inspect at the present location of the subject item.